The Chancellor.
The bill is filed to restrain the defendant from prosecuting an action of ejectment against the complainant, brought to recover the possession of a tract of land in the county of Somerset. The defendant claims the land by virtue of a deed from 'William Todd, of the 9th of November, 1841. The complainant claims by a sheriff’s deed under a judgment and execution at law against the said William Todd, which judgment is prior in point of time to the defendant’s deed. Now the defendant having commenced his suit at law, the complainant is not entitled to file his bill, and change the forum of litigation, unless upon some peculiar grounds of equity. If he has a legal defence, he must make it at law. A court of law is the proper tribunal to investigate the legal title, and a court of equity will only interfere to protect an equitable against a strict legal title, or for the purpose of compelling a discovery to protect the legal title.
This bill, upon the face of it, shows that the complainant has the legal title, and has a complete legal defence to the ejectment at law. If this is so, he does not need the protection of this court, and has no right to the injunction. The bill shows that the judgment under which the complainant holds is prior in time to the defendant’s deed, and does not show any ground upon which its priority can be questioned. If his bill is true, all the complainant need do is to show his deed on the trial at law, and it must prevail. He is under no embarrassment of any kind. He requires no aid from this court for any purpose. *56 It is true the hill indirectly charges, or rather insinuates, that the defendant’s deed is fraudulent, and was taken under circumstances which makes it a fraud in the defendant to set it up against the complainant’s title. But if the complainant’s deed has priority, as the complainant maintains by his bill, it matters not whether the defendant’s title is fraudulent or not; it cannot prevail over the complainant’s prior title, even if it is bona fide. It is an unprofitable undertaking, therefore, for the complainant to attempt to prove it fraudulent.
The case was argued upon a very different assumption of facts from those stated in the bill. It was insisted that, under the fact and circumstances set out in the bill, if there was any mistake in the sheriff’s sale, the defendant should not be permitted to set up that mistake as against the complainant’s title. But the court cannot sustain a bill or hold an injunction upon a hypothetical case. If there was a mistake, the complainant must point it out, and admit it before it can be relieved against. This case has been before the Court of Errors and Appeals, and I may advert to the particulars of it, so far as they appear in the opinion of that court, not as any part of this case upon which I may found my judgment, but as an illustration of the propriety of the principles upon which my decision is based.
This same ejectment, which is the cause of filing the present bill, was tried at law, and after the parties had shown their respective titles, the plaintiff in ejectment offered to show that though the sheriff’s deed, under which this complainant now claims, embraces the property in dispute between the parties, yet that in point of fact the sheriff never advertised and sold the property. The court decided that the evidence was inadmissible, and overruled it, and the complainant in this suit obtained a verdict. The Court of Errors and Appeals, upon a writ of error, reversed the decision of the court below, and decided that the evidence offered should have been admitted. This be *57 ing the highest tribunal in the state, it is the law by which this court must be governed — that if the property was not advertised by the sheriff his deed did not convey the property. Now the object of this bill is to obtain a decree that the complainant’s title shall prevail, although the property was not advertised by the sheriff. It is evident that the only ground upon which the complainant has any equity upon which a bill can be maintained is, that the sheriff did not advertise according to law. But if this is the ground of the complainant’s relief, he must admit the tact upon which, alone, it is founded. He does not admit the fact; on the contrary, he insists that the proceedings were all regular and according to law. But if this is so, he wants no assistance from a court of equity. The trouble of the complainant is here. He is unwilling to admit there was any mistake in the sheriff’s advertisements. That fact is still disputed at law. The burthen of proof is with the other party. The complainant lias the sheriff’s deed, which is prima facie good; and whether the sheriff did advertise, is a question the negative of which the other party must prove. Under these circumstances, the complainant is unwilling to admit the fact of the mistake, and run the risk of this court’s saying it could not help him, even admitting the mistake. With such a result in this court, the admission of the complainant would conclude him in the court of law. The complainant had to choose between the two tribunals. lie has framed his bill in such a manner as to compel the defendant to show the mistake; and if he succeeds in that, then the complainant lias another chance of success upon the merits of the controversy. This he cannot do. The only ground upon which this court can assume jurisdiction, and oust the legal tribunal, is upon the ground that there was a mistake. If the complainant is unwilling to admit the mistake, he must rest upon his legal, and not his equitable title.
The injunction must be dissolved, and the bill dismissed with costs.